TRINETTE G. KENT (State Bar No. 222020)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT  06905
Telephone:  (480) 247-9644
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Tony B. Velovski

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Tony B. Velovski,<br><br>        Plaintiff,<br><br>   vs.<br><br>Performant Recovery, Inc,<br><br>       Defendant. | Case No.:  2:15-cv-788<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 *ET. SEQ.*.**<br><br>**JURY TRIAL DEMANDED** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

For this Complaint, the Plaintiff, Tony B. Velovski, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and repeated violations of California Civil Code § 1788, *et seq.* ("Rosenthal Act").

2.      Original jurisdiction exists pursuant to 28 U.S.C. § 1331.  Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The plaintiff, Tony B. Velovski (hereafter "Plaintiff"), is an adult individual residing in West Hollywood, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The defendant, Performant Recovery, Inc. (hereafter "Defendant, also referred to "Performant"), is a California business entity with an address of 333 N Canyons Parkway Suite 100, Livermore, California 94551, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.** **The Debt**

6.    Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7.    The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8.    The Debt was purchased, assigned or transferred to Performant for collection, or Performant was employed by the Creditor to collect the Debt.

9.    Performant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

**B.** **Performant Engages in Harassment and Abusive Tactics**

10.    Beginning in October of 2014, Performant began calling Plaintiff's place of employment in an attempt to collect the Debt.

11.    In November of 2014, Plaintiff advised Performant to cease all calls to his work number, as personal calls were prohibited by his employer, and a nuisance to his performance.

12.    Nevertheless, Performant continued calling Plaintiff at his place of employment.

13.    In the end of November of 2014, Plaintiff switched job locations.

14.     Despite Plaintiff's original request, Performant began calling Plaintiff at his new employment location.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

15.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.     Defendant contacted Plaintiff at a place and during a time known to be inconvenient for Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

17.     Defendant contacted Plaintiff at his place of employment, knowing that the Plaintiff's employer prohibited such communications, in violation of 15 U.S.C. § 1692c(a)(3).

18.     Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

19.     Defendant caused a phone to ring repeatedly and engaged Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

20.     Defendant used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

COMPLAINT FOR DAMAGES

21.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

22.     Plaintiff was harmed and is entitled to damages as a result of Defendant's violations.

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.***

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The Rosenthal Act prohibits unfair and deceptive acts and practices in the collection of consumer debts.

25.     Performant Recovery, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

26.     Defendant caused a telephone to ring repeatedly and engaged Plaintiff in continuous conversations with an intent to annoy Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

27.     Defendant communicated with Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

28.     Defendant failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.17.

29.     Plaintiff was harmed and is entitled to damages as a result of the Defendant's violations.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against the Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3);

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Punitive damages; and

G. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

DATED:  February 4, 2015          TRINETTE G. KENT

By:    /s/  Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Tony B. Velovski

COMPLAINT FOR DAMAGES